UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

James Samuel Levesque

    v.

Carolyn Colvin, Acting Commissioner,
Social Security Administration

Civil No. 13-cv-298-JL
Opinion No. 2014 DNH 191

**ORDER ON APPEAL**

James Levesque appeals the Social Security Administration's ("SSA") denial of his applications for disability insurance benefits and supplemental security income. An administrative law judge ("ALJ") at the SSA ruled that, despite severe impairments including degenerative disc disease, osteoarthritis, and obesity, Levesque retains the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy, and is thus not disabled. See 20 C.F.R. §§ 404.1505(a), 416.905(a). The Appeals Council later denied Levesque's request for review of the ALJ's decision, see id. §§ 404.967, 416.1467, with the result that the ALJ's decision became the SSA's final decision on Levesque's applications, see id. §§ 404.981, 416.1481. Levesque appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Levesque has filed a motion to reverse the decision, see L.R. 9.1(b)(1), which contends that the ALJ erred in assessing his RFC. The Commissioner of the SSA has cross-moved for an

order affirming the ALJ's decision.  See L.R. 9.1(d).  As explained below, the court agrees with Levesque that the ALJ erred in his evaluation of the medical evidence of record, and accordingly grants his motion to reverse (and denies the Commissioner's motion to affirm) the ALJ's decision.

The ALJ, in determining that Levesque is able to perform jobs that exist in significant numbers in the national economy, concluded that Levesque has the RFC "to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a)."  If correct, that conclusion precludes a finding that Levesque is disabled under Rule 201.21 of the Medical-Vocational Guidelines at 20 C.F.R. Part 404, Subpart P, Appendix 2.  Levesque's sole argument on appeal is that the ALJ lacked a sufficient factual basis in the record to reach this conclusion.

The parties agree that the only opinion in the record as to Levesque's RFC was rendered by a "single decisionmaker," see 20 C.F.R. §§ 404.906(a), 416.1406(a), and, as the ALJ recognized, is therefore entitled to no weight in the RFC analysis, see, e.g., Stratton v. Astrue, 987 F. Supp. 2d 135, 150-51 (D.N.H. 2012) (Barbadoro, J.).  Where, as here, the medical evidence does not contain an RFC assessment by a medical expert, an ALJ ordinarily cannot assess the claimant's RFC himself, "since bare medical findings are unintelligible to a lay person in terms of [RFC]."

Gordils v. Sec'y of HHS, 921 F.2d 327, 329 (1st Cir. 1990).  But the absence of such an assessment does not always doom an ALJ's decision denying benefits:  "where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment."  Manso-Pizarro v. Sec'y of HHS, 76 F.3d 15, 17 (1st Cir. 1996).  So whether the ALJ erred in assessing Levesque's RFC "depends upon a qualitative assessment of the medical evidence that was before the ALJ.  If that evidence suggests a relatively mild physical impairment posing, to the layperson's eye, no significant exertional restrictions, then [the court] must uphold the ALJ's finding; elsewise, [it] cannot (in the absence of an expert's opinion)."  Id. at 17-18.

Here, the medical evidence of record suggests that Levesque suffers from more than "a relatively mild physical impairment" that poses "no significant exertional restrictions."  To the contrary, the evidence indicates that Levesque reported pain in both knees, later diagnosed as degenerative joint disease and osteoarthritis, that, in his primary care physician's opinion-- rendered at around the time of Levesque's alleged onset of disability--precluded him from performing "physical" or "heavy manual" labor.  App'x at 436, 444-46.  And, after arthroscopic surgery on Levesque's right knee, his orthopedic surgeon opined

3

that the "next step" for him "would be total knee replacement," and wrote that "I do believe that he is disabled."  Id. at 491-92.  This is several degrees removed from the record in Gordils--the only published opinion in which the Court of Appeals has upheld an ALJ's lay assessment of a claimant's RFC--where the ALJ had before him the opinion of a non-examining, non-testifying physician that the claimant was capable of performing light work, as well as the opinion of an examining physician that the claimant likely had nothing more than a "weaker back."

This evidence, of course, is not enough to conclusively show that Levesque is incapable of performing sedentary work.  That Levesque cannot perform "physical" or "heavy manual" labor does not mean that he also cannot perform sedentary work, which the SSA's regulations define as involving "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools," and occasional "walking and standing."  20 C.F.R. §§ 404.1567(a), 416.967(a); see Herrera v. Barnhart, 69 Fed. Appx. 438, 441 (10th Cir. 2003) (conclusion that claimant could perform sedentary work was not inconsistent with treating physician's opinion that claimant could not perform "physical labor in a competitive environment"). And whether Levesque is "disabled," as his surgeon suggested, is

a matter reserved to the Commissioner, 20 C.F.R. §§ 404.1527(d), 416.927(d)(1), so the ALJ was not required to adopt that opinion.

This evidence does, however, indicate that Levesque's impairments are not so mild as to make it obvious to a layperson exercising common sense that his ability to perform sedentary work is not affected.  So, absent further evaluation by an expert, the ALJ could not permissibly conclude that Levesque retained the RFC to perform work at that exertional level.  Under these circumstances, the ALJ should have either (1) recontacted Levesque's treating sources for additional information concerning the limitations imposed by his impairments; or (2) ordered him to undergo a consultative evaluation with a medical professional.[1]  See 20 C.F.R. §§ 404.1519 et seq., 416.919 et seq.

---

[1]The court is aware that Levesque's sensory and motor examinations, during his visits with his treating physician, were consistently normal.  While those results may cast doubt on the opinions of Levesque's physician and surgeon as to his abilities, they do not render the medical evidence of record so unambiguous as to permit a layperson such as the ALJ to assess his RFC.  Nor does Levesque's testimony before the ALJ, in which he speculated that he could (with some accommodations) perform work activities consistent with sedentary work, do so.  The Court of Appeals' opinions in Manso-Pizarro and Gordils do not permit a claimant's optimistic conjecture about the extent of his abilities to substitute for medical opinion in this regard.

Based on the foregoing, Levesque's motion to reverse the Commissioner's decision[2] is GRANTED, and the Commissioner's motion to affirm that decision[3] is DENIED.  The case is remanded for further consideration of Levesque's RFC in accordance with this order.  See 42 U.S.C. § 405(g).  The clerk shall enter judgment accordingly and close the case.

   **SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: September 11, 2014

cc:  D. Lance Tillinghast, Esq.
     Robert J. Rabuck, Esq.

---

   [2]Document no. 8.

   [3]Document no. 9.